SCHENCK S. THOMPSON ET AL., PETITIONERS, v. E. THURSTON BLAISDELL ET AL., DEFENDANTS.

Argued June 4, 1919—Decided June 28, 1919.

At a corporate election, under section 42 of the Corporation act, a vendor of stock, who is still registered in the stock books as the owner, may vote the stock by proxy, especially where the proxy is held by the vendee.

On summary investigation of a corporate election.

Before Justices SWAYZE and PARKER.

For the petitioners, *Alston Beekman* and *Edmund Wilson*.

For the defendants, *Robert H. McCarter, Wilbur A. Heisley, Frederick W. Hope* and *George W. C. McCarter*.

The opinion of the court was delivered by

SWAYZE, J. This is a summary investigation of a corporate election under section 42 of the Corporation act. The controversy turns on the right to vote two hundred and forty-two shares standing in the name of Albert Kumpel. This right was denied by the inspectors at the election. These shares, if voted, would have changed the result. Theodore Kumpel sought to vote them by virtue of a proxy from Albert. It is not denied that Albert appeared as owner on the books of the company on the day of the election, or that the proxy was in proper form and properly executed. On the face of the papers Theodore was entitled to vote the shares. Under the rule of *Downing* v. *Potts,* 23 *N. J. L.* 66,

and the *St. Lawrence Steamboat Co. Case,* 44 *Id.* 529, the action of the inspectors was erroneous, and the election ought to be set aside or the contesting party put in office. The incumbents rely not on any defect in the record title to the stock or in the proxy, but on a situation disclosed by the facts of the case as established by evidence *aliunde* and not legally before the inspectors of election. These facts are supposed to require the court to establish the right of the incumbents, pursuant to the injunction of section 42 of the act requiring us to give such relief in the premises as right and justice may require.

The facts are that Albert gave the proxy to Theodore on March 24th; that afterwards, on April 5th, Theodore determined to buy the stock at Albert's request and sent Albert a check for the purchase price. Albert signed a transfer, but Theodore did not register the transfer on the books of the company and the stock still stood.in, Albert's name on May 13th, the day of the election. His reason seems to have been. that there was a real or supposed right of pre-emption in the company and he desired to avoid any question as to his ·title to the. stock. It is now argued that the proxy was revoked by the sale to Theodore. Stock is often sold while the transfer books are closed, and it would be a manifest injustice to deprive the vendee of the right to vote, which the act is at some pains to secure him, because he has bought within twenty days next preceding the election. Section 36 secures each stockholder the right to vote; it does not disfranchise stock which has been sold within twenty days next preceding the election, but only stock which has been transferred *on the books.* Whether the vendee shall be disfranchised is thus made to depend on his own action or inaction. There is nothing in the language to prevent the vendee, by agreement with the vendor, from securing his right to vote by means of a proxy, although not yet registered as a stockholder. The law was long ago established in New York under similar legislation (*People* v. *Tibbits,* 4 *Cow.* 358), and has more recently been followed in *Re Argus Co.,* 138 *N. Y.* 557, 579; 34 *N. E. Rep.* 388. This rule is in harmony

with the principle that requires a trustee in case of a dry trust to give a proxy. *American National Bank* v. *Oriental Mills*, 17 *R. I.* 551; 23 *Atl. Rep.* 795. Granting that the sale is a technical revocation of the proxy, it would be idle to require the former owner, now become a trustee of a dry trust for the unregistered vendee, to execute a new proxy where both he and his vendee are content with the control of the voting power given by the title shown on the transfer books accompanied by the proxy. The rule is also in harmony with the policy that entitles every stockholder to the benefit of the vote of every other stockholder and entrusts the voting power to the beneficial owner. A distinction is made by the statute, as Mr. Justice Depue pointed out in the St. Lawrence Steamboat Co. case, between the qualification for voting at the stockholders' meeting—registration on the transfer books only, and the qualification of director—*bona fide* ownership of stock. A man may vote, although not a *bona fide* owner of stock, and may vote by proxy. We see no reason why a vendor who is still registered as a stockholder may not vote by proxy. The case is still stronger where the proxy is held by the vendee.

We are not now dealing with technical legal rights. Those rights at the time of the election were with Theodore Kumpel. The inspectors could not go outside the face of the papers. We are dealing with a question of right and justice under the mandate of the statute, and the answer to the question depends on the beneficial title to the stock. If there was no right of pre-emption in the corporation, Theodore Kumpel was the beneficial owner of the stock, as well as the person entitled to vote it on the face of the books and the proxy. If there was a right of pre-emption, the legal title was still in Albert, the sale had never been perfected, and the proxy had not been revoked. As the right of pre-emption seems to be a disputed question, we think we ought not now establish the title of the contestants and oust the incumbents. Instead of that we order a new election which, if necessary, may be conducted under the direction of a Supreme Court commissioner.

We have passed by the suggestion that there was unanimous consent that the two hundred and forty-two shares should be disfranchised. The evidence is not persuasive to that effect. We cannot, for instance, assume that the seventy-eight shareholders represented by proxy assented to the disfranchisement, and the minutes show only an assent by "both sides," which is far from showing unanimous consent even of stockholders present, since some may not have taken sides.